IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENOL LUXAMA,<br>TDCJ-CID NO. 1248751,<br><br>Petitioner, | §<br>§<br>§<br>§ | |
| v. | §<br>§<br>§ | CIVIL ACTION NO. H-08-2464 |
| NATHANIEL QUARTERMAN,<br>Director, Texas Department of<br>Criminal Justice, Correctional<br>Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**

Kenol Luxama, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (Docket Entry No. 1) challenging his state court conviction. Pending before the court are (1) Respondent Quarterman's Motion to Dismiss with Brief in Support (Docket Entry No. 10),[1] and (2) Luxama's Traverse – Petitioner's Objection to Respondent's Motion to Dismiss Motion for Fact Finding Procedure (Docket Entry No. 12) requesting Discovery, Appointment of Counsel, Investigator, Expert, Expansion of the Record, Fact Finding Procedure, and Evidentiary Hearing. For the reasons discussed below, the court will grant Respondent's Motion to Dismiss, will dismiss Luxama's

[1] In response, Luxama filed a Traverse Response to Respondent Quarterman's Motion to Dismiss with Brief in Support (Docket Entry No. 12).

Petition for a Writ of Habeas Corpus without prejudice, and will deny Luxama's requests for Discovery, Appointment of Counsel, Investigator, Expert, Expansion of the Record, Fact Finding Procedure, and Evidentiary Hearing.

## I. Procedural History and Claims

The State of Texas indicted Luxama for unlawful possession of a controlled substance -- namely, four hundred grams or more of cocaine -- with intent to deliver, alleged to have occurred on or about September 11, 2001. Ex parte Luxama, No. WR-66,350-03, at 6 (Tex. Crim. App. Jan. 16, 2008). Luxama pleaded not guilty. Id. at 8-9. On May 24, 2004, a jury found Luxama guilty and judgment was entered. Id. Luxama elected to have his punishment determined by the court, and on June 30, 2004, the court assessed punishment of fifty years' imprisonment in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) and a $1,000 fine. Id. Luxama appealed, and on February 14, 2006, his conviction was affirmed by the Fourteenth District Court of Appeals. Luxama v. State, No. 14-04-00674-CR (Tex. App. -- Houston [14th Dist.] Feb. 14, 2006).[2]

On July 5, 2006, Luxama filed a state habeas application challenging his conviction. Ex parte Luxama, WR-66,350-03, at 11.

---

[2]On June 9, 2006, Luxama filed a motion for extension of time to file a petition for discretionary review ("PDR") in the Texas Court of Criminal Appeals, but the court denied the motion on the same day. Luxama v. Quarterman, No. G-07-160, 2007 WL 1232093, at *1 (S.D. Tex. April 25, 2007).

Among Luxama's many claims, Luxama asserted ineffective assistance of counsel for failing to timely notify him that his conviction had been affirmed and that he could file a pro se petition for discretionary review ("PDR"). Id. at 16, 21-23.

While Luxama's state habeas petition was pending, he filed his first federal habeas petition challenging his conviction.[3] Luxama v. Quarterman, No. G-07-160, 2007 WL 1232093 (S.D. Tex. April 25, 2007). On April 25, 2007, the petition was dismissed without prejudice for failure to exhaust all of Luxama's state court remedies. Id. at *1. Specifically, the district court found that the state court had not yet adjudicated Luxama's state habeas petition. Id. at *2.

On January 16, 2008, the Court of Criminal Appeals granted relief on Luxama's ineffective counsel claim and allowed him to file an out-of-time PDR. Ex parte Luxama, AP-75,818, 2008 WL 151238 (Tex. Crim. App. Jan. 16, 2008) (per curiam) (unpublished). The court dismissed Luxama's remaining claims. Id.

Luxama filed an out-of-time PDR on March 18, 2008. Petition for Discretionary Review at cover, Luxama v. State, No. 14-04-00674-CR (Tex. Crim. App. March 18, 2008). The Court of Criminal

[3]On November 16, 2006, Luxama filed a writ of mandamus with the Texas Court of Criminal Appeals ("TCCA") to "compel the court to transmit or follow Art. 11.07 procedure." Luxama v. Quarterman, No. G-07-160, 2007 WL 1232093, at *1. On January 17, 2007, the TCCA denied the writ of mandamus without written order. Id. Luxama then filed his first federal habeas corpus application on January 31, 2007. Id.

Appeals refused Luxama's out-of-time PDR on June 25, 2008. Luxama v. State, No. 14-04-00674-CR (Tex. Crim. App. June 25, 2008) (per curiam).

Luxama filed the instant petition for a writ of habeas corpus on July 31, 2008 (Docket Entry No. 1).[4][5] The court understands his petition to assert the following grounds for relief:

1. He was incarcerated prior to trial and prosecuted in the wrong institution in violation of the Fourth Amendment of the United States Constitution and Texas Code of Criminal Procedure Articles 13.17, 13.18, and 13.22.

2. He was convicted on a defective/void indictment in violation of Article I, Section 10, and the Fifth and Sixth Amendments of the United States Constitution.

3. His right to a speedy trial under the Sixth Amendment of the United States Constitution and Article 1, Section 10 of the Texas Constitution was violated.

4. His conviction was obtained due to prosecutorial misconduct in violation of Article II of the United States Constitution.

5. His dual trial violated the double jeopardy clause of the Fifth Amendment of the United States Constitution.

---

[4]"[T]he habeas corpus petition of a pro se prisoner litigant is filed for purposes of determining the applicability of the AEDPA at the time the petitioner tenders the petition to prison officials for mailing." Spotville v. Cain, 149 F.3d 374, 375 (5th Cir. 1998). Luxama declares that he placed his petition in the prison mailing system on July 31, 2008 (Docket Entry No. 1 at 9).

[5]Because Luxama is in custody on parole in Harris County, Texas, this court has jurisdiction over Luxama's petition pursuant to 28 U.S.C. § 2241(d). See 28 U.S.C. §§ 124(b)(2), 2241(d) (2000); Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).

6. He was denied effective assistance of counsel at trial and on appeal in violation of the United States and Texas Constitutions.

7. He was denied equal protection of the law, due process, and due course of law in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Articles 1.9, 1.10, 11, 13, and 19 of the Texas Constitution when he was denied release on bond prior to trial.

8. The trial court erred in denying Luxama's motion to suppress evidence illegally obtained in violation of the Fourth Amendment of the United States Constitution.

9. The State failed to inform Luxama of his right to Consular Access in violation of Article 36 of the Vienna Convention on Consular Relations ("V.C.C.R."), denying him the right to a fair trial in violation of the Sixth Amendment of the United States Constitution.

10. The State failed to notify the Haitian consular officials of Luxama's arrest in violation of Article 36 of the V.C.C.R., denying him the right to a fair trial in violation of the Sixth Amendment of the United States Constitution.

11. The trial court abused its discretion by not ruling on Luxama's pro se motions in violation of the Fifth and Fourteenth Amendment of the United States Constitution.

12. The trial court abused its discretion in overruling Luxama's objection to Captain Miller's testimony regarding extraneous offenses.

13. He is actually innocent of the crime charged against him, invoking Article II of the United States Constitution.

(Docket Entry No. 1 at 7-8, 10-24)

Quarterman has filed a Motion to Dismiss (Docket Entry No. 10), to which Luxama has filed an objection (Docket Entry No. 12). Quarterman contends that the court should dismiss

Luxama's petition without prejudice because he has failed to exhaust his state remedies. Id.

## II. Exhaustion of Remedies

A state prisoner is required to exhaust available state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)-(c); Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997). "The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." Vasquez v. Hillery, 106 S. Ct. 617, 620 (1986). Before a Texas inmate has exhausted his state remedies, he must fairly present the substance of his federal claims to the highest state court either in a petition for discretionary review or in an application for a writ of habeas corpus. Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).

When a petition includes claims that have been exhausted along with claims that have not been exhausted, it is a "mixed" petition. Historically, federal courts presented with mixed petitions dismissed the entire petition for failure to exhaust. See Rose v. Lundy, 102 S. Ct. 1198, 1205 (1982); Galtieri v. Wainwright, 582 F.2d 348, 355 (5th Cir. 1978) (en banc). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), however, gave the courts discretion to deny any unexhausted claim on the merits. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the

applicant to exhaust the remedies available in the courts of the State."). But, as the Fifth Circuit noted in Nobles, 127 F.3d at 423, § 2254(b)(2) is permissive; and therefore, a federal court "may still defer to the state courts where state consideration of an unexhausted claim would be appropriate." Villegas v. Quarterman, No. H-06-0018, 2007 WL 781764, at *11 (S.D. Tex. March 12, 2007).

Here, Luxama filed an out-of-time PDR in the Texas Court of Criminal Appeals in which he argued that the court of appeals erroneously affirmed his conviction. Petition for Discretionary Review at IX, Luxama v. State, No. 14-04-00674-CR. Luxama argued that (1) the trial court erred in denying his motion to suppress evidence obtained as a result of an illegal stop; (2) the admissible evidence was legally insufficient to support his conviction; (3) the admissible evidence was factually insufficient to support his conviction; (4) the trial court erred in overruling Luxama's hearsay and notice objections to the admission of receipts found in Luxama's wallet; and (5) the trial court erred in ruling that Captain Miller's testimony regarding extraneous offense evidence was admissible. Id. at IX-X (Docket Entry No. 10 at 8).

As Quarterman points out, Luxama's PDR claims (1) and (5) appear to be similar to his federal habeas claims (8) and (12) (Docket Entry No. 10 at 8). Because Luxama presented both of these claims to the Texas Court of Criminal Appeals in his out-of-time PDR, Quarterman concedes that Luxama has sufficiently exhausted his state court remedies as to these claims. Id.

Luxama's remaining federal habeas corpus claims have not been fairly presented to the state courts for adequate review. When the Texas Court of Criminal Appeals, in Luxama's state habeas proceeding, granted Luxama permission to file an out-of-time PDR, the court dismissed the remainder of Luxama's state habeas corpus claims. Ex parte Luxama, AP-75,818, 2008 WL 151238. Because the state habeas corpus application was dismissed, the Texas courts have not reviewed the substance of Luxama's claims. See Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits."). Furthermore, because these claims have not been adjudicated on the merits, Luxama may still file a new state habeas corpus petition, and it will not be procedurally barred as a subsequent petition. See id. at 474 (holding that a dismissal of a state habeas petition does not bar subsequent filing of another state habeas petition under the abuse of writ doctrine). Since Luxama may seek relief in the state courts, his remaining claims have not been sufficiently exhausted. See 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

Since Luxama's federal habeas corpus petition contains both exhausted and unexhausted claims, the court may either adjudicate

the unexhausted claims or require him first to exhaust his claims before the state courts. See 28 U.S.C. § 2254(b)(2); Nobles, 127 F.3d at 423. Quarterman moves the court to dismiss Luxama's petition without prejudice (Docket Entry No. 10 at 1). Because the large majority of Luxama's claims are unexhausted and because Luxama may file another state habeas petition, the court agrees that it would be more appropriate to dismiss his federal habeas petition as a "mixed" petition. Accordingly, the court will dismiss Luxama's petition without prejudice.

In addition, because Luxama's petition for a writ of habeas corpus is dismissed, his remaining requests for Discovery, Appointment of Counsel, Investigator, Expert, Expansion of the Record, Fact Finding Procedure, and Evidentiary Hearing (Traverse – Petitioner's Objection to Respondent's Motion to Dismiss Motion for Fact Finding Procedure, Docket Entry No. 12, at unnumbered pages five and six) will be denied.

## III. Certificate of Appealability

Luxama has not yet requested a Certificate of Appealability ("COA") on the claims denied in this Memorandum Opinion and Order, but the court may rule on a COA sua sponte. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . ." 28 U.S.C. § 2253(c)(1). To obtain a COA where denial of relief is based on procedural grounds, the petitioner must show not only that

"jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the court concludes that jurists would not debate whether the procedural ruling in this case is correct. Accordingly, a certificate of appealability will not issue in this case.

## IV. Conclusion and Order

The court **ORDERS** the following:

1. Respondent Quarterman's Motion to Dismiss (Docket Entry No. 10) is **GRANTED.**

2. Luxama's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED without prejudice.**

3. Luxama's Motion to Defer Ruling on Respondent's Motion to Dismiss (Docket Entry No. 11) is **MOOT**.

4. Luxama's requests for Discovery, Appointment of Counsel, Investigator, Expert, Expansion of the Record, Fact Finding Procedure, and Evidentiary Hearing (Traverse – Petitioner's Objection to Respondent's Motion to Dismiss Motion for Fact Finding Procedure, Docket Entry No. 12) are **DENIED.**

5. A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 10th day of June, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE